UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAAME AMUN RE EL,
    *Plaintiff*,

v.

ROBERT HAZLEWOOD,
    *Defendant*.

No. 3:24-cv-1476 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff Jaame Amun Re El has filed a *pro se* complaint against defendant Robert Hazlewood seeking $10 million in damages for alleged mail and securities fraud. But because it does not appear that the complaint alleges facts that give rise to plausible grounds for relief, the Court will require Amun Re El to file a response to this order to show cause explaining why the complaint should not be summarily dismissed.

**BACKGROUND**

The complaint alleges that Amun Re El is a citizen of Connecticut and that Hazlewood is a citizen of New Hampshire.[1] The caption of the complaint associates Hazlewood with "FCI Berlin," which the Court interprets to be a reference to the Federal Correctional Institution in Berlin, New Hampshire.

The complaint alleges that Amun Re El was the victim of mail fraud by Hazlewood in violation of 18 U.S.C. §§ 1341 and 1348(2).[2] The complaint, however, alleges no facts concerning what Hazlewood allegedly did that constitutes mail fraud.[3] Instead, the complaint alleges that "[t]his action is revisited from a former suit, arising in the USDC for the State of New Hampshire, in Jaame Amun Re El v. Robert Hazelwood [sic], FCI Berlin, Case No. 1:19-

---

[1] Doc. #1 at 1.
[2] *Id.* at 2.
[3] *Ibid.*

1

cv-647."[4] It further alleges that this "former USDC action ended, due to the opinion of the Court, on the basis of the *then* **'colorable'** administrative 'policies' governing the Federal Correctional Institute (FCI Berlin / DOJ)."[5]

According to Amun Re El, this "former decision is now subject to a reversal decision as of the June 2024" decision of the U.S. Supreme Court in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).[6] The *Loper* decision overruled the Supreme Court's prior decision in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which required courts in certain circumstances to defer to administrative interpretations of ambiguous statutes.

## DISCUSSION

The Court has authority on its own initiative to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is appearing *pro se*, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[7] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

In the ordinary course, the Court will not dismiss a complaint on its own initiative without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this

---

[4] *Ibid.*
[5] *Ibid.*
[6] *Ibid.*
[7] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

ruling is to state the Court's concerns so that Amun Re El may promptly file a response to address these concerns.

A federal court complaint is subject to dismissal if it does not allege facts that give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Amun Re El's complaint lacks any factual allegations at all concerning what Hazlewood did to engage in mail fraud, the complaint appears to be subject to dismissal for this reason alone.

Moreover, the complaint relies on federal criminal statutes—18 U.S.C. §§ 1341 and 1348(2)—as the basis for a civil cause of action for money damages. Even assuming that Hazlewood violated federal criminal law, "no private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action." *Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018). In particular, "the federal mail fraud statute, 18 U.S.C. § 1341, … does not provide a private cause of action." *Rizvi v. Urstadt Biddle Properties Inc.*, 791 F. App'x 282, 283 (2d Cir. 2020). In addition, "courts have found no private cause of action under 18 U.S.C. § 1348." *Wilson v. Tahbazof*, 2023 WL 9233486, at *2 (N.D. Cal. 2023).

Even if there were additional facts or causes of action that Amun Re El might allege, it appears that—in light of the Supreme Court's decision in *Loper*—he now seeks reconsideration of the dismissal of the action that he previously filed in the U.S. District Court for the District of New Hampshire. If so, then Amun Re El should seek relief by way of a motion to re-open or by way of a motion for reconsideration in the District of New Hampshire rather than by way of a new action here in the District of Connecticut.

Despite the fact that Amun Re El now resides in Connecticut, if this action arises from his imprisonment at FCI Berlin, then it appears doubtful that this Court would even have

personal jurisdiction over Hazlewood for any misconduct that occurred at FCI Berlin in New Hampshire. Nor does it appear that venue would be proper in the District of Connecticut. Federal venue law states in relevant part that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2); *see also Cobb v. New Hampshire Hosp.*, 2021 WL 2590150, at *2 (D. Conn. 2021) ("Even assuming that the complaint alleged plausible grounds for relief, it appears that the complaint should be filed in New Hampshire rather than in Connecticut, because the complaint alleges that the acts for which Cobb seeks to hold the hospital liable all occurred in New Hampshire.").

## CONCLUSION

In short, it appears that the complaint is subject to dismissal under § 1915(e)(2)(B) for failure to allege plausible grounds for relief. If Amun Re El has good faith grounds to believe that this action may proceed here in the District of Connecticut, then he may file a response to this order to show cause on or before **October 3, 2024**.

It is so ordered.

Dated at New Haven this 18th day of September 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge